OPINION OF THE COURT
Joel M. Goldberg, J.
The defendant was indicted in November of 1996 for murder in the second degree and kidnapping in the first degree in connection with the 1987 abduction and murder of William Ciccone. These crimes were allegedly committed following the deceased’s failed attempt to shoot John Gotti in Queens County. The deceased was allegedly apprehended by Gotti’s associates and brought to Richmond County by the defendant, a high-level Gotti associate, where the deceased was held, interrogated, and ultimately shot to death in the basement of a candy store. Early the next morning, the police responded to a burglary report and found the body in the candy store’s basement. According to the prosecution, this discovery occurred before the defendant had an opportunity to return to the store and bury the body. The indictment of the defendant nine years later resulted from the cooperation of an informer who was indicted as a coconspirator with the defendant and others in another murder prosecuted by the Federal Government in the Eastern District of New York.
By a motion dated February 28, 1997, the People have moved for an order authorizing the selection of an anonymous jury and directing that the jury be sequestered for the entire trial with extended court hours. In a response, dated April 3, 1997, the defendant opposed such an order.
ANONYMOUS JURY
As to the issue of whether to select an anonymous jury, the People’s motion asks that the court "exclude from the scope of voir dire all inquiry into the names and exact home and busi *375 ness addresses of the prospective jurors.” Although the People correctly point out that the trial court has the discretion to limit the scope of voir dire to matters affecting the qualifications of jurors (see, CPL 270.15 [1] [c]), the People do not address the defendant’s contention that impanelment of an anonymous jury is prohibited by the Criminal Procedure Law.
In People v Gotti (Sup Ct, NY County 1989), reprinted in United States v Perry (754 F Supp 202, 204 [DC 1990]), the court found that selection of an anonymous jury was prohibited by the New York State Criminal Procedure Law. Thus, those Federal cases cited by the People in which an anonymous jury was found not to violate the defendant’s rights under either the Constitution of the United States or Federal Rules of Criminal Procedure are not controlling.
This court agrees with the conclusion reached by the Supreme Court, New York County, in Gotti (supra) that the Criminal Procedure Law prohibits selection of an anonymous jury.
CPL 270.15 (1) (a) states, in pertinent part: "If no challenge to the panel is made as prescribed by section 270.10, or if such challenge is made and disallowed, the court shall direct that the names of not less than twelve members of the panel be drawn and called as prescribed by the judiciary law.”[1]
It may be argued that, standing alone, CPL 270.15 (1) (a) specifies only a rule of procedure as to how individual jurors should be randomly selected from the panel of prospective jurors and does not create for either side a substantive right to knowledge of their names. However, CPL 270.15 (1) (a) must be read in conjunction with CPL 270.15 (1-a), which states: "The court may for good cause shown, upon motion of either party or any affected person or upon its own initiative, issue a protective order for a stated period regulating disclosure of the business or residential address of any prospective or sworn juror to any person or persons, other than to counsel for either party. Such good cause shall exist where the court determines that there is a likelihood of bribery, jury tampering or of physical injury or harassment of the juror.”
When CPL 270.15 (1-a) was enacted in 1983 (see, L 1983, ch 684), CPL 270.15 (1) (a), which was enacted in 1970, already provided, as it does today, that the names of prospective jurors *376 be drawn and called. If CPL 270.15 (1) (a) was only a procedural statute regulating jury selection rather than also a statute creating a right on behalf of the parties to know the identities of potential jurors, then the 1983 enactment of CPL 270.15 (1-a) would not have been necessary to modify CPL 270.15 (1) (a); the court already would have possessed the inherent power to limit access to jurors’ addresses.
If the court needed the specific statutory authority provided by CPL 270.15 (1-a) to limit access to jurors’ addresses, it is logically inconsistent to assert that the court, nevertheless, does not need specific statutory authority to override the mandate of CPL 270.15 (1) (a) that jurors’ names be called in open court during jury selection.
A more reasonable interpretation is that CPL 270.15 (1-a) was enacted to give the court discretion to limit public disclosure of jurors’ addresses — a power which the court did not previously have. Since enactment of CPL 270.15 (1-a) was necessary to give the court the discretion to limit access to jurors’ addresses, the Legislature’s failure to include a similar confidentiality provision in CPL 270.15 (1-a) with regard to jurors’ names indicates that the Legislature wished to continue the existing procedure.
In 1985, CPL 270.15 (1) (a) was amended to allow the court discretion to require prospective jurors to complete a questionnaire including information as to the juror’s current address, copies of which the amended statute requires be given to counsel. (L 1985, ch 173.) This amendment did not affect the preexisting right of counsel under CPL 270.15 (1-a) to disclosure of jurors’ addresses, regardless of whether a questionnaire is completed. Nor did it affect the preexisting language in CPL 270.15 (1) (a) requiring that the names of potential jurors be called in open court. Governor Cuomo’s Executive Memorandum on approving this 1985 legislation stated that this questionnaire procedure was intended to elicit "basic background information from prospective jurors” in order to make the selection process more efficient (1985 McKinney’s Session Laws of NY, at 3286). There is no indication in this amendment that the Legislature gave the court the power to limit access to the names of jurors merely by deciding not to use a questionnaire.
This interpretation has found support in two legal articles cited by the defense: Maldonado, Anonymous Juries: What’s The Legislature Waiting For (66 NY St BJ 40 [July/Aug. 1994]) and Abramovsky, Criminal Law and Procedure, Anonymous *377 Juries (NYLJ, Aug. 11, 1993, at 3, col 1). (See also, Abramovsky, Criminal Law and Procedure, The Choices Surrounding Use of Anonymous Juries, NYLJ, Sept. 30, 1993, at 3, col 1.) Furthermore, as noted by Mr. Maldonado in his article (op. cit., at 43), the New York State Legislature in its 1991/1992 and 1993/1994 sessions failed to take action on proposed legislation to amend CPL 270.15 to allow for anonymous juries in certain cases.
The defendant further argues that even if New York law allows for discretionary use of anonymous juries, the People have failed to satisfy their own stated criteria for using this procedure which is based on standards developed by Federal case law. While those Federal cases may provide some guidance, they are not controlling, because, as noted, a defendant has a statutory right under New York law to know the identities of the jurors. Therefore, this opinion need not discuss those Federal cases.
The constitutional right to confront a witness may be forfeited through a defendant’s acts of witness intimidation, thereby allowing the jury to hear the witness’ prior Grand Jury testimony which was not subject to cross examination. (See, Matter of Holtzman v Hellenbrand, 92 AD2d 405 [2d Dept 1983].) The constitutional right to be present at one’s own trial also may be forfeited through disruptive behavior. (Illinois v Allen, 397 US 337 [1970].) Therefore, by parity of reasoning, the statutory right to knowledge of jurors’ names and addresses similarly may be forfeited by a defendant’s acts warranting such a result. Accordingly, in cases where the acts of a defendant represent a clear threat to either the safety or integrity of the jury, the court may find under existing law that the defendant has forfeited his statutory right to the jurors’ names and addresses, even though CPL 270.15 (1-a) states that where there is a "likelihood” of jury tampering, jurors’ addresses must be disclosed to counsel.
However, unlike acts of witness intimidation or courtroom disruption which may be evaluated after those acts have occurred in order to decide whether certain rights have been forfeited, a decision that a defendant has forfeited the statutory right to know jurors’ names and addresses must, of necessity, be made prior to the jurors’ names being called. Unless the defendant already knew the names of potential jurors and tampered with them, this decision would have to be made prior to any actual act of jury tampering. In other words, a prediction that jury tampering will occur would be the only basis for determining that the defendant has forfeited his right under CPL 270.15 to learn jurors’ names and addresses.
*378 There may be cases where such a prediction can fairly be made, but the People in this case have not yet presented sufficient evidence to warrant such a finding. The affidavit submitted by the People in support of this motion alleges that in 1994 the defendant claimed the ability to tamper with another jury. However, there is no allegation that an attempt was made to do so by the defendant in that case or in any other case. Given the access the People apparently have to informants who would know about any past jury tampering by the defendant, the 1994 conversation alleged in the submitted affidavit is not a sufficient basis to deem the defendant to have waived his statutory right to the jurors’ names and addresses.
It should again be noted that unlike the Federal system, New York provides a statutory right to this information. Therefore, the People would have to present more than a mere possibility of jury tampering to justify a finding that the defendant has forfeited his right to the jurors’ names and addresses. Allegations of actual jury tampering by this defendant in other cases or allegations of plans to tamper with the jury in this case would be sufficient to entitle the People to a hearing on this question.
Accordingly, the People’s motion to select an anonymous jury is denied without prejudice to renew upon a showing of additional facts warranting such relief.
SEQUESTERED JURY
Although the Criminal Procedure Law prohibits an anonymous jury, CPL 270.45 gives the court discretion to sequester the jury for the entire trial. Thus, in cases where the possibility of jury tampering is feared but not sufficiently established so as to justify an anonymous jury, the Criminal Procedure Law chooses to place the real burden resulting from this uncertainty on the jury by allowing them to be sequestered rather than place a far less significant burden on the defendant by concealing jurors’ names and addresses. In cases such as this, where jury tampering is a legitimate concern based on what has taken place in other cases not involving this defendant, the court would prefer having the option of at least considering using an anonymous jury pursuant to the criteria developed in Federal case law. However, this choice is not available.
In considering the option of full sequestration, this court concludes that the People have not established that the possibility of either jury tampering or juror exposure to prejudi *379 cial publicity during the trial outweighs the burden that would be imposed on the jurors by fully sequestering them for the four or more weeks this trial is expected to last. Accordingly, the People’s motion for a fully sequestered jury is denied.
Partially sequestering the jury by allowing family visits might lessen the possibility of jurors being exposed to prejudicial publicity during the trial. However, such a procedure would not substantially reduce the possibility of tampering which could be achieved by contacting jurors’ family members. Therefore, only a fully sequestered jury would achieve the People’s purposes, but imposing such a burden on the jurors is not appropriate in this case.
PROTECTIVE ORDER
It is expected, based on past events, that this trial will receive extensive publicity in the Staten Island Advance as well as other media.
Accordingly, it is hereby ordered, pursuant to CPL 270.15 (1-a), that until further order of this court the business and residential addresses of all prospective or sworn jurors not be disclosed to any person or persons, other than to counsel for the parties; and it is further ordered that counsel for the parties, their employees, associates, and anyone acting on their behalf from this date until the time jury is sequestered for its final deliberations, are prohibited from discussing this case, on or off the record, with any member of the news media nor are they to make any statements in public or in private about this case which are intended to be reported in the news media.[2]

. It should also be noted that CPL 270.15 (3) states, in pertinent part: "The [sworn] juror whose name was first drawn and called must be designated by the court as the foreman”.

. This decision has been amended for publication purposes. It was rendered on April 18, 1997. However, it was not submitted for publication until after completion of the trial on May 30, 1997, because the motion papers were sealed in order to avoid the possibility of prejudicial pretrial publicity.